**Exhibit 1** - Signed Filed Settlement Agreement – Fed. Ct.

DAVID ROGER
District Attorney
**CIVIL DIVISION**
State Bar No. 002781
By:  **ROBERT T. WARHOLA**
Deputy District Attorney
State Bar No. 004410
500 South Grand Central Pkwy.
P. O. Box 552215
Las Vegas, Nevada  89155-2215
(702) 455-4761
Fax (702) 382-5178
Attorneys for Defendants
    District Attorney David Roger,
    County of Clark and Board of
    County Commissioners of the
    County of Clark

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GYPSUM RESOURCES, LLC, a Nevada limited liability company, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CATHERINE CORTEZ MASTO, in her official capacity as Attorney General of the State of Nevada and her agents and successors; DAVID ROGER, in his official capacity as District Attorney of the County of Clark and his agents and successors; COUNTY OF CLARK, a political subdivision of the State of Nevada; BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLARK; and DOES 1-75, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) ) ) |

Case No:  CV-S-05-0583-RCJ (LRL)

**STIPULATION AND SETTLEMENT AGREEMENT PURSUANT TO COURT ORDERED SETTLEMENT CONFERENCE; [PROPOSED] ORDER**

This Stipulation and Settlement Agreement ("Agreement") is entered into as of this 21st day of April, 2010, by and between Gypsum Resources, LLC, a Nevada limited

liability company ("Gypsum") on the one hand, and the County of Clark, a political subdivision of the State of Nevada, the Board of Commissioners of the County of Clark and David Roger, in his official capacity as District Attorney of the County of Clark (collectively the "County") on the other.  Gypsum and County are collectively referred to in this Agreement as "the Parties."  This Agreement is pursuant to the court imposed Mandatory Settlement Conference as ordered in the Federal Lawsuit described below.  This Agreement is not an approval of any specific development plan and any such plan must be considered by the County's Board of County Commissioners ("BCC") through the normal Title 30 public hearing process.

This Agreement is entered into by and between the Parties based on the following Recitals of Fact:

Recitals of Fact

A.    Gypsum owns approximately 2400 acres of real property located on and around Blue Diamond Hill in Clark County ("the Gypsum Mine Property" or "Property"), which Property is the subject of the Lawsuits described below.   A portion of the Property is located inside the boundaries of the Red Rock Canyon National Conservation Area ("RRCNCA") and a substantial portion of the Property is located outside the boundaries of the RRCNCA.

B.    Senate Bill 358 (the "State law") was passed by the Nevada Legislature and signed into law by Governor Kenny Guinn on or about May 19, 2003.

C.    On or about May 21, 2003, the County adopted Clark County Ordinance 2914 ("CCO 2914") to expand the Red Rock Design Overlay District ("RROD") and make other changes to the Clark County Code as set forth in CCO 2914.  As a result of the adoption of CCO 2914, the Gypsum Mine Property was included in the RROD and subjected to the provisions of CCO 2914.

D.    On or about May 10, 2005, Gypsum filed a Complaint for Declaratory and Injunctive Relief against the County and others, in the action entitled *Gypsum Resources, LLC v. Masto, et al.*, Case No. CV-S-05-0583-RCJ-LRL in the United States District Court for the District of Nevada ("Federal Lawsuit").  On or about May 18, 2005, Gypsum filed a parallel action for Declaratory and Injunctive Relief against the County and others, in the

action entitled *Gypsum Resources, LLC v. State of Nevada, et al.,* Case No. 05-00614A ("State Lawsuit") in the First Judicial District Court of the State of Nevada (The Federal and State Lawsuits are collectively referred to herein as "the Lawsuits"). In both Lawsuits, Gypsum sought, *inter alia*, to invalidate CCO 2914 on numerous grounds.

E.      On or about December 7, 2005, the action filed by Gypsum in the First Judicial District Court of Nevada was stayed while the related Federal case referenced above was pending.

F.      On or about March 27, 2008, the Federal District Court issued its Order granting in part and denying in part the motions to dismiss that had been filed by the County and Catherine Cortez Masto, in her capacity as Attorney General of the State of Nevada, ("State") also a named defendant in the Federal Lawsuit.

G.      Subsequent thereto, Gypsum, the County and the State filed motions for summary judgment in the Federal Lawsuit. On or about November 24, 2009, the Federal District Court issued its Order granting in full the motion made by Gypsum as to the State, thereby voiding the State law. The Federal District Court also granted in part the County motion on substantive due process grounds and denied in part the County's motion on equal protection grounds. The Federal District Court also denied the State's motion on equal protection and constitutional grounds and granted the State's motion as to substantive due process.

H.      As a result of the Federal District Court's Orders issued on March 27, 2008 and November 24, 2009, Gypsum's First Cause of Action, for Violation of Equal Protection remains to be tried. A trial call is scheduled for April 26, 2010 in the Federal Lawsuit, and trial is scheduled to commence on May 4, 2010.

I.      The Parties wish to settle both Lawsuits against the County only, on the terms set forth in this Agreement.

J.      The County and Gypsum were ordered to mandatory settlement conferences by the Federal District Court and each Party recognizes the costs and risk of trial, and potential for financial exposure, and wishes to resolve their differences in the manner and terms described herein.

K.      The current law allows for the development of the Property as RU zoning. Gypsum desires to submit and the County is willing to allow the submittal of an application

to the BCC pursuant to Chapter 30.20 of the Clark County Code for a Major Project Development within the Exception Area as shown on Exhibit A attached hereto.    This application shall also include such areas as are needed for easements, rights of way, utilities, drainage and roadways and other infrastructure needs.

        L.  Gypsum and County understand that the Property and any exchanged lands subsequently acquired (as herein defined in paragraph 7 below) require access as part of the Major Project development.

        M.  The County and Gypsum recognize that through this Agreement there are no guarantees, commitments or binding obligations by County to approve a Major Project application, or to approve any uses or increased densities proposed by Gypsum as part of any Major Project application and that the County retains discretion regarding any application submitted by Gypsum as a result of this Agreement.

<u>Terms of Agreement</u>

Now, therefore, it is hereby agreed by and between the Parties:

1.    <u>Recitals</u>

The foregoing Recitals of Fact are true and correct, are incorporated herein, and form a material part of this Agreement.

2.    <u>Adoption of the Amending Ordinance</u>

On March 17, 2010, the BCC introduced an ordinance to amend CCO 2914 by adding new Section 30.48.312 to the Clark County Code ("the Amending Ordinance").  The Amending Ordinance (ORD-0210-10) is scheduled for a public hearing on the BCC's April 21, 2010 Zoning/Subdivisions/Land Use Agenda.  A true and correct copy of the agenda report and  the Amending Ordinance for the April 21, 2010 public hearing is attached to this Agreement as Exhibit B.  It is an express condition precedent to the effectiveness of this Agreement that the BCC  adopt the Amending Ordinance in the form attached to Exhibit B, or with such clarifying changes to the language of the Amending Ordinance as may be approved by Gypsum, at or before the April 21, 2010 public hearing ("the Adoption").  If the Adoption does not occur, this Agreement shall be of no force and effect, and the Parties shall proceed in the Lawsuits as if this Agreement had never been entered into.

3.    Voluntary Dismissal of the Lawsuits and Release

If the Amending Ordinance is adopted, and within five (5) business days after the effective date of the Amending Ordinance, Gypsum agrees that it will file voluntary dismissals of the Lawsuits against the County only, under Fed.R.Civ.Pro. 41(a) and Nev.R.Civ.Pro. 41(a). The State Lawsuit shall be dismissed with prejudice. Subject to the clarifications and limitations set forth in paragraph 4, below, the Federal Lawsuit shall be dismissed without prejudice. The County agrees to cooperate with Gypsum regarding the filing of the voluntary dismissals. In connection with its voluntary dismissals of the Lawsuits, and subject to paragraph 4 below, Gypsum agrees that Gypsum, its successors, heirs and assigns, fully and forever release, acquit, and forever discharge County, and each and every one of County's commissioners, directors, employees, attorneys, agents, successors, assigns and administrators and all other County representatives, of and from all claims, actions, suits, causes of action, demands, rights, damages, costs, expenses, losses, attorney's fees and compensation whatsoever, at law and in equity, whether known or unknown, foreseen or unforeseen, which Gypsum has now or which may hereafter accrue, relating to, or in any way connected with, the events and occurrences as set forth and described in and which are the subject of the Lawsuits, other than the rights and obligations arising under this Agreement. This Release by Gypsum is intended as a full and complete release and discharge of any and all claims that the undersigned may or might have or had by reason of the incidents or activities alleged in the Lawsuits.

The Parties agree that the Release includes, but is not limited to, any and all claims for attorneys' fees and costs Gypsum may have against County arising under 42 U.S.C. § 1988, or any other Federal or State statute or regulation under which Gypsum may have a claim or interest, whether that claim or interest be possessed by Gypsum itself, or whether it be transferred, assigned, bartered, exchanged, sold, or otherwise conveyed to any third party. Gypsum hereby declares and represents that the undersigned is executing this Release after having received full legal advice as to their rights from their legal counsel.

The Parties agree that they will cooperate with each other at or before the trial call scheduled for April 26, 2010 to advise the Federal District Court of this Agreement and to seek a reasonable continuance of the trial, if necessary, in order to allow the filing and entry

of the dismissal.  The Parties agree that they will similarly cooperate with each other regarding the dismissal of the State Lawsuit.

      4.   Re-filing of the Lawsuit; Tolling

      Notwithstanding the Release contained in paragraph 3 above, Gypsum shall be permitted to re-file the Federal Lawsuit if within twenty four (24) months after the Adoption, the Amending Ordinance is repealed, cancelled, voided, amended, or superseded through a new ordinance by Clark County that prohibits the filing or formal consideration by the BCC of any Major Project application filed by Gypsum under this Agreement.   If such Federal Lawsuit is re-filed in accordance with this paragraph, the County agrees that all applicable defenses to the Federal Lawsuit based on the statute of limitations or timeliness will be tolled from the date of entry of dismissal under paragraph 3 above to the date of such re-filing.   So long as the Amending Ordinance is not repealed, cancelled, voided, amended or superseded through a new ordinance by Clark County that prohibits the filing or formal consideration by the BCC of any Major Project application filed by Gypsum under this Agreement, Gypsum shall have no right to re-file the Federal Lawsuit. If Gypsum should nonetheless attempt to re-file the Federal Lawsuit in violation of this paragraph: (1) the voluntary dismissal filed under paragraph 3 shall be treated as if it had been filed with prejudice; (2) the statute of limitations shall not be tolled as to any such filing, as otherwise provided in this paragraph; and (3) Gypsum agrees that any such unpermitted Federal Lawsuit shall be subject to immediate dismissal with Gypsum paying any and all of the County's fees and costs incurred in securing such dismissal.  Following 24 months of its adoption, if the Amending Ordinance is not repealed, canceled, voided, amended or superseded through a new ordinance by Clark County that prohibits the filing or formal consideration by the BCC of a Major Project application by Gypsum under this Agreement,  the dismissal without prejudice of the Federal Lawsuit shall immediately and automatically become a dismissal with prejudice. Notwithstanding the above, in the event Senate Bill 358 is retroactively reinstated by a final judgment of a court of law, the State of Nevada enacts another law or a court of law issues an order that prohibits the filing or the acceptance of an application for increased density or intensity on the Property, then Gypsum shall not be permitted to refile the Federal Lawsuit against Clark County.  The County agrees that it shall not be a party in opposition to

Gypsum in any action in a court of law that seeks prohibition of a filing or which seeks to prevent the acceptance of an application for increased density or intensity on the Property.

With regard to the State Lawsuit, the Parties agree that the State Lawsuit shall be dismissed with prejudice within five (5) business days of the effective date of the Amending Ordinance. Upon the filing of a dismissal with prejudice of the State Lawsuit, the County hereby waives any right to claim the defenses of res judicata or collateral estoppel on any future claim that may be filed in the Federal Lawsuit during the 24-month period specified in this Section and only if the Federal Lawsuit is properly before the Court on the grounds that the County repealed, cancelled, voided, amended or superseded the Amending Ordinance through a new ordinance that prohibits the filing or formal consideration by the BCC of any Major Project application filed by Gypsum under this Agreement.

5.   The Major Project Application

The Parties acknowledge that, after the Adoption of the Amending Ordinance and the approval of this Agreement, Gypsum intends to submit a Major Project application for the development of a master planned community pursuant to Chapter 30.20 of the Clark County Code, and subject to all generally applicable and currently adopted Codes ("the Major Project Application"). The County and Gypsum acknowledge that the Major Project Application may include adjustments, considerations and deviations to take into account the previous mining activities on the Property. The County agrees that it will process the Major Project Application under the Major Projects process in good faith. Gypsum understands that the County, by this Agreement, cannot and is not committing to approval of any particular Major Project and/or any particular densities or uses.

6.   Transportation and Access

The County and Gypsum recognize that there are significant issues dealing with access to the Property. The Parties agree that any Major Project Application that seeks increased density (residential) or intensity (non-residential) must propose a primary access to and from the East. The County recognizes the challenges faced by the topography of a road to the East and further recognizes that requests for certain adjustments, considerations, and deviations will be included as part of the Major Project Application. In no event shall any request for an adjustment, consideration, or deviation dispense with the requirements herein that the primary access be taken to and from the East, or that the primary access not connect

to State Route 159. Although the exact location of the primary access to the East will be determined during the Major Project Process, the Parties agree that the primary access shall not connect to State Route 159. The Parties agree that Gypsum may only take permanent secondary access from State Route 159 for life safety purposes. For purposes of this Agreement, "life safety purposes" means access that is closed to daily vehicular traffic, but that may be utilized by police, fire or emergency services, or by the general public in the event of an emergency. Subject to approvals and conditions that may be required by any government entity having jurisdiction over such access issues and roadways, the Parties also agree that Gypsum may utilize access from State Route 159 for temporary purposes during construction of the initial phase of development of any approved Major Project in accordance with conditions, including without limitation conditions relating to the duration of such use, established by the County during the Major Project process. Gypsum acknowledges that the County is not obligated under this Agreement to acquire and pay for property so as to allow for or facilitate access to the Property.

7. <u>Exchange Properties</u>.

The County acknowledges that Gypsum will apply for a land exchange or exchanges as the case may be, so the existing Property inside the boundaries of the Red Rock Canyon National Conservation Area ("RRCNCA") will be exchanged for land outside of the RRCNCA. The intent herein is to exchange property Gypsum owns inside the RRCNCA for property that is outside of such area, so that ultimately none of Gypsum's property will be in the RRCNCA when the exchange(s) is completed. The intent herein is also to prevent future development of the Property within the RRCNCA by limiting the actual development to the identified Exception Area. If the County within its absolute and sole discretion is in favor of a proposed land exchange(s) between Gypsum and BLM for the Property inside the boundaries of the RRCNCA, then the County agrees to provide a letter in support of the exchange(s). In no event is the County making any representation or guarantee that the County will be in favor of such an exchange(s) or that such exchange(s) will be approved by the Bureau of Land Management.

8. <u>No Third-Party Beneficiary</u>

The State is not a party to this Agreement, and nothing in this Agreement shall have any effect on Gypsum's claims against the State in the Lawsuits. The Parties do not

intend to confer any rights whatsoever (including, but not limited to, rights as a third-party beneficiary) on the State or any other persons, parties, or entities who are not among the Parties to this Agreement.  County agrees that it will not provide legal assistance to the State in the Lawsuits or in any appellate proceedings arising out of the Lawsuits.  For the purpose of this Agreement, "legal assistance" does not include providing factual information if specifically requested from the State or testimony by witnesses called or cross-examined by the State.

        9.    <u>Miscellaneous Provisions</u>

        A.    The Parties have each had the opportunity to draft, review, and edit the language of this Agreement.  Accordingly, no presumption for or against any of the Parties arising out of the drafting of any part or all of this Agreement will be applied in any action related to, connected to, or involving this Agreement.

        B.    The Parties agree to execute and deliver such additional documents and instruments, and to perform such additional acts, as may be necessary or appropriate to effectuate, consummate, or perform any of the terms, provisions, or conditions of this Agreement.

        C.    This Agreement, and its construction, validity, performance, and effect shall be governed by the laws of the State of Nevada, applicable to contracts executed and wholly to be performed therein.  The Parties stipulate that the Federal Court in the State of Nevada may retain jurisdiction over any future action to enforce or interpret the terms of this Agreement.

        D.    This Agreement shall be binding upon and inure to the benefit of, each of the Parties and their representatives, successors, grantees, and assigns.

        E.    The Parties expressly acknowledge that the effect and import of this Agreement, including all rights and obligations under it, have been fully explained to them by their own counsel.

        F.    The Parties shall bear their own attorneys' fees and costs incurred in connection with the prosecution or defense of the Lawsuits.  In any action arising out of the performance under or interpretation of this Agreement, the prevailing party shall be entitled to recover its attorneys' fees.

G.      The Parties acknowledge that none of them, nor any agent or attorney of any of them, has made any promise, representation or warranty whatsoever, express, implied, or statutory, not contained in this Agreement, concerning the subject matter of this Agreement, to induce the execution of this Agreement, and the Parties further acknowledge that they have not executed this Agreement in reliance on any such promise, representation, or warranty.  This Agreement contains the entire agreement between the Parties on the subject matter contained herein, and is the final and exclusive statement of all the agreements, conditions, promises, representations, and covenants between the Parties with respect to the subject matter of this Agreement.  This Agreement may not be modified except by a writing duly executed by all of the Parties.

H.      All required corporate, entity, or governmental approvals to enter into and perform this Agreement have been duly obtained by the Parties.  All of the Parties have the authority to enter into and perform this Agreement, and each of the signatories to this Agreement is fully authorized to sign for, and to bind, the Parties to this Agreement for whom they are signing.

I.      The headings used in this Agreement are solely for the convenience of the Parties and are not intended to have any independent meaning.  The headings shall not modify in any way, or be used to interpret, any of the terms of this Agreement.

J.      This Agreement may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Agreement.  One or more executed counterparts of this Agreement may be delivered by fax or by email attachment, with the intention that they shall have the same effect as an original counterpart.

/      /      /
/      /      /
/      /      /
/      /      /
/      /      /
/      /      /
/      /      /

K. This Agreement is the compromise of disputed claims and shall not be construed as an admission of liability on the part of any Party. The Parties hereto, by this Agreement or otherwise, do not admit liability, illegality, impropriety or wrongdoing of any kind.

L. The Parties agree that either Party may record this Agreement against the property.

Dated: ~~April~~ May 5, 2010          COUNTY OF CLARK
                                                              a Political Subdivision of the State of
                                                              Nevada

                                                              By: _____

                                                              Its: Vice Chair

Dated: April ___, 2010          BOARD OF COMMISSIONERS OF THE
                                                    COUNTY OF CLARK

                                                    By: _____

                                                    Its: Chairman

Dated: ~~April~~ May 5, 2010          DAVID ROGER,

                                                              in his official capacity as District Attorney
                                                              of the County of Clark

                                                              By: _____

Approved as to form by:

DAVID ROGER, District Attorney

By: _____
ROBERT T. WARHOLA
Attorney for County of Clark, Board of Commissioners
of the County of Clark, and David Roger, in his official
capacity as District Attorney of the County of Clark

1    Dated: April **23**, 2010          GYPSUM RESOURCES, LLC
                                         a Nevada limited liability company
2                                        By:    Truckee Springs Holdings, Inc.
                                                a Nevada corporation
3                                        Its:   Manager

4                                        By: _____

5                                        Its: _____ Pres. _____

6

7    Approved as to form by:

8    MANATT, PHELPS & PHILLIPS

9    By: _____
10       EDWARD G. BURG
         Attorneys for Gypsum Resources, LLC
11

12

13                              ORDER

14

15         The Parties' foregoing Stipulation and Settlement Agreement Pursuant to Court

16   Ordered Settlement Conference is hereby approved, accepted, and adopted as the order of

     this Court.
17
           Pursuant to paragraph 9(C) above, the Court hereby retains jurisdiction over any
18
     future action to enforce or interpret the terms of this Agreement.
19

20
                              _____
21                            HON. ROBERT C. JONES
                              United States District Judge
22
                              DATED: _____
23

24

25

26

27

28

                                                                    12 of 12

Dated: April ___, 2010       GYPSUM RESOURCES, LLC
                             a Nevada limited liability company
                             By:    Truckee Springs Holdings, Inc.
                                    a Nevada corporation
                             Its:   Manager


                             By: _____

                             Its: _____


Approved as to form by:

MANATT, PHELPS & PHILLIPS


By:    _____
       EDWARD G. BURG
       Attorneys for Gypsum Resources, LLC



                             ORDER


       The Parties' foregoing Stipulation and Settlement Agreement Pursuant to Court

Ordered Settlement Conference is hereby approved, accepted, and adopted as the order of

this Court.

       Pursuant to paragraph 9(C) above, the Court hereby retains jurisdiction over any

future action to enforce or interpret the terms of this Agreement.



                             _____
                             HON. ROBERT C. JONES
                             United States District Judge

                             DATED: _____

12 of 12

# EXHIBIT A



**Proposed Overlay District**
**Exception Area**

**EXHIBIT B**

# CLARK COUNTY BOARD OF COMMISSIONERS

## ZONING / SUBDIVISIONS / LAND USE

## AGENDA ITEM (ORD-0210-10)

| ISSUE: | Amendment To The Red Rock Design Overlay District |
|---|---|
| PETITIONER: | David Roger, District Attorney |
| RECOMMENDATION: | **That the Board of County Commissioners consider an ordinance to amend the Red Rock Design Overlay District to create an exception that would remove Major Projects on specified land adjacent to but outside the boundaries of the Red Rock Canyon National Conservation Area from the Red Rock Design Overlay District regulations; and direct staff accordingly.** |

**FISCAL IMPACT:**    None.

**SPONSOR:**

**BACKGROUND:**

In May of 2003, Clark County adopted an ordinance (Ordinance 2914) that prohibited the acceptance of land use applications for increased density or intensity within the Red Rock Overlay District. Ordinance 2914 paralleled legislation adopted by the State of Nevada (SB 358) around the same time period which similarly prohibited Clark County from accepting land use applications seeking to increase density or intensity on property within the Red Rock Design Overlay District.

In 2005, Plaintiff Gypsum Resources, LLC ("Owner"), the Owner of approximately 2,400 acres of land within the Overlay District, sued Clark County in Federal District Court alleging Ordinance 2914 violated equal protection, procedural and substantive due process and constituted a taking of Gypsum's property without the payment of just compensation. Through the course of the litigation, Clark County was successful in convincing the Court to dismiss three of the four claims against it, including the takings claim. However, the equal protection claim asserted by the Owner has not been dismissed – trial is scheduled to commence the week of May 3, 2010. In the meantime, the Court struck down the parallel legislation enacted by the State (SB 358). The State of Nevada is in the process of appealing the Court's decision.

Recently, the parties were required to participate in a Court mediated mandatory settlement conference. The parties met multiple times and ultimately arrived at a potential resolution whereby the Owner would dismiss its case and forgo attorney fees and costs against Clark County. In return, Clark County would amend its Red Rock Design Overlay District regulations to allow the acceptance and review of a Major Project application within the exception area. Accordingly, the District Attorney's Office offers this amendment, to create an exception to Clark County's Red Rock Design Overlay District regulations for a Major Project on specified land adjacent to but outside the boundaries of the Red Rock Canyon National Conservation Area, in an effort to achieve settlement of the case.

The District Attorney's Office recommends approval of the Ordinance to amend the Red Rock Design Overlay District regulations.

**Respectfully Submitted,**

DAVID ROGER, District Attorney

RTW\pv

35.1

[Bracketed] and/or ~~strikethrough~~ material is that portion being deleted or amended
<u>Underlined</u> material is that portion being added

BILL NO. _____ 3-17-10-1 _____

SUMMARY - An Ordinance to amend the Unified Development Code delineating an exception to the Red Rock Overlay District. (ORD-0210-10)

ORDINANCE NO. _____
(of Clark County, Nevada)

AN ORDINANCE TO AMEND TITLE 30, CHAPTER 30.48, ADDING A NEW SECTION 30.48.312 DELINEATING AN EXCEPTION TO THE RED ROCK OVERLAY DISTRICT AND PROVIDING FOR OTHER MATTERS PROPERLY RELATED THERETO.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLARK, STATE OF NEVADA, DOES HEREBY ORDAIN AS FOLLOWS:

SECTION 1. Title 30, Chapter 30.48, Adding a New Section 30.48.312, of the Clark County Code is hereby amended to read as follows:

**30.48.310   Establishment of Overlay District.** This overlay district may be established and/or expanded by the initiation and adoption of an ordinance and map describing the boundaries therein. (Ord. 2914 § 3 (part), 7/2003)

**30.48.312   <u>Exception to the Red Rock Design Overlay District.</u>** <u>The Red Rock Design Overlay District (Overlay) shall not apply to Major Projects pursuant to Chapter 30.20 on properties outside of the boundaries of the Red Rock Canyon National Conservation Area within the following described Sections:</u>
1. <u>Township 21 South, Range 58 East, MDM: the East Half of Sections 25 and 36.</u>
2. <u>Township 21 South, Range 59 East, MDM Sections 29, 30, 31 and 32 the South half of Section 20 and the West half of 28 and 33.</u>
3. <u>Township 22 South, Range 59 East, MDM Section 5 and the West half of Section 4.</u>

**30.48.315   Density & Intensity Restrictions.** Unless proposed for public facilities, land use applications shall not be accepted for the following:

a. Any request to increase the number of residential dwelling units allowed by the zoning regulations in existence on the effective date of this ordinance unless the increase can be accomplished by the trading of development credits (or similar mechanism) that would allow a greater number of residential dwelling units to be constructed in an area without increasing the overall density of residential dwelling units in that area.

b. Any request to establish a new nonresidential zoning district, except for public facilities.

c. Any request to expand the size of any nonresidential zoning district in existence on the effective date of this ordinance.

d. Exception: The density and intensity restrictions herein described shall not apply to properties located within the following described Sections within Township 22 South, Range 59 East: Sections 13, 14, 15, 16, 21, 22, 23, and 24. (Ord. 2914 § 3 (part), 7/2003)

1

35.2

SECTION 2.    If any section of this ordinance or portion of thereof is for any reason held invalid or unconstitutional by any court of competent jurisdiction, such holding shall not invalidate the remaining parts of this ordinance.

SECTION 3.    All ordinances, parts of ordinances, chapters, sections, subsections, clauses, phrases or sentences contained in the Clark County Code in conflict herewith are hereby repealed.

SECTION 4.    This ordinance shall take effect and be in force from and after its passage and the publication thereof by title only, together with names of the County Commissioners voting for or against its passage, in a newspaper published in and having a general circulation in Clark County, Nevada, at least once a week for a period of two (2) weeks; on __5/17/10_.   A land use application approved prior to the effective date of this ordinance may be developed per the plans approved with the application.

PROPOSED on the __17th__ day of __March__, 2010

PROPOSED By : ___Rory Reid___

PASSED on the_____ day of_____, 2010

VOTE:

AYES: _____

_____

_____

_____

_____

_____

NAYS: _____

_____

ABSTAINING:_____

_____

ABSENT:_____

_____

_____

BOARD OF COUNTY COMMISSIONERS

CLARK COUNTY, NEVADA

By_____
                          Chair

ATTEST:

_____
DIANA ALBA, County Clerk

This ordinance shall be in force and effect from and after the_____ day of_____, 2010.

2

35.3